CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 15 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY A. MAYS,<br>Administrator for the Estate of<br>DAVID WAYNE MAYS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>RONALD N. SPRINKLE, et al.,<br><br>Defendants. | Civil Action No. 7:18CV00102<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Senior United States District Judge |

David Wayne Mays died in July of 2016, after being arrested in Botetourt County. Jeffrey Mays, the decedent's brother and the administrator of his estate, subsequently filed this action against the Sheriff of Botetourt County, Ronald Sprinkle, and eight of the Sheriff's officers, asserting claims under 42 U.S.C. § 1983 and Virginia law. On November 16, 2018, the court granted the defendants' motion to dismiss, holding, inter alia, that the plaintiff failed to state a claim for deliberate indifference under the Fourteenth Amendment against certain defendants. The plaintiff has moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be denied.

"A Rule 59(e) motion may be granted only in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, 674 F.3d 369, 378 (4th Cir. 2012) (emphasis added) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id. The rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the

entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (citation and internal quotation marks omitted).

Applying these principles, the court concludes that the plaintiff is not entitled to relief under Rule 59(e). In seeking reconsideration, the plaintiff first challenges the legal standard that the court applied in evaluating the plaintiff's claim of deliberate indifference to a serious medical need. Relying on the Supreme Court's decision in Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), the plaintiff argues that the court should have applied a purely objective standard. See Kingsley, 135 S. Ct. at 2473 (holding that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one"). As the court noted in its previous opinion, however, Kingsley did not involve a claim of deliberate indifference to a serious medical need, and neither the Supreme Court nor the Fourth Circuit has extended its holding to other types of claims under the Fourteenth Amendment. Although the "Second, Seventh, and Ninth Circuits have interpreted Kingsley as displacing prior subjective requirements, . . . the Fifth, Eighth, and Eleventh Circuits have held that Kingsley applies only to excessive force claims and does not extend to claims related to conditions of confinement or inadequate medical care."* Estate of Vallina v. Cty. of Teller Sheriff's Office, 757 F. App'x 643, 646–47 (10th Cir. 2018) (citations omitted). Consequently, the plaintiff is unable to establish any clear error in the legal standard employed by the court. In the absence of express direction from the Supreme Court or the Fourth Circuit, the court remains convinced that it appropriately applied the Fourth Circuit's longstanding standard for deliberate indifference. See, e.g., Perry v. Barnes, No. 8:16-cv-00705, 2019 U.S. Dist. LEXIS 34596, at *9, n.3 (D. Md. Mar. 5, 2019) (declining to apply a solely

---

* The court notes that the Tenth, Third, and Sixth Circuits have declined to address the issue. See Estate of Vallina v. Cty. of Teller Sheriff's Office, 757 F. App'x 643, 647 (10th Cir. 2018); Moore v. Luffey, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); Williams v. City of Georgetown, No. 18-6182, 2019 U.S. App. LEXIS 15529, at *9, n. 2 (6th Cir. May 24, 2019).

2

objective standard and noting that "neither this Court nor the Fourth Circuit has applied Kingsley to a pretrial detainee's claim of failure to protect or deliberate indifference to a serious medical need").

The court must also reject the plaintiff's argument that the court clearly erred in concluding that the amended complaint failed to state a claim for deliberate indifference. In reaching its decision, the court considered the allegations regarding the decedent's symptoms and his interactions with the named defendants, and determined that the circumstances alleged in the amended complaint were similar to those in other cases in which courts, including the Fourth Circuit, had rejected claims of deliberate indifference. The court ultimately concluded that the allegations in the amended complaint did not support the conclusion that the decedent's need for medical attention was sufficiently obvious, or that the defendants actually knew of and disregarded an excessive risk of serious harm. While the plaintiff obviously disagrees with the court's decision, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

For these reasons, the court finds no basis to alter or amend its order of dismissal under Rule 59(e). Accordingly, the plaintiff's motion will be denied. If the plaintiff continues to believe that the court erred in dismissing the amended complaint, the appropriate course of action is to appeal the court's decision to the United States Court of Appeals for the Fourth Circuit.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 15th day of August, 2019.

Senior United States District Judge